A. David Benjamin, J.
Plaintiff moves to amend a judgment heretofore filed by striking out the provisions therein for costs to the defendant, to retax the bill of costs so that no costs are awarded to defendant and certifying that the substantial cause of action was the same upon each issue.
The complaint herein stated two causes of action. The first cause of action alleged that plaintiff ordered from the defendant, a wholesale dealer in bottled alcoholic beverages, quantities of whiskey each containing one full quart; that in purported compliance with the order of the plaintiff, defendant delivered bottled whiskey, each of which was- labeled as a full quart; that the defendant represented that each of the bottles delivered was correctly labeled and plaintiff relied thereon; that in truth they only contained four fifths of a quart; that plaintiff offered for resale the said whiskey as full quarts; that upon discovery by plaintiff’s customers that the bottles only contained four fifths of a quart, plaintiff’s reputation was injured and resulted in the refusal of said customers to deal with plaintiff; that the defendant knew at the time of the making of the representations that the sale and distribution of said bottles by plaintiff to its customers in accordance with the tenor of the labels thereon would naturally result in injury to plaintiff’s reputation and loss of business. The second cause of action realleging the ordering and delivery of the whiskey and the mislabeling thereof, further alleged in substance that the defendant was negligent in failing to make a proper inspection to ascertain whether the bottles were correctly labeled and by reason thereof plaintiff was injured.
On the trial of the action plaintiff was awarded $2.05 on the first cause of action and $2,000 on the second, for a total of $2,002.05.
On appeal by the defendant, the Appellate Division (6 A D 2d 721) modified the judgment of the court below so as to provide that the plaintiff recover $2.05 on the first cause of action and that the cause of action based on negligence be dismissed. The defendant then taxed a bill of costs against the plaintiff in the *131 sum of $150.02 based on section 1483 of the Civil Practice Act.
Section 1483 of the Civil Practice Act provides as follows: “ Costs, where plaintiff and defendant recover upon separate issues. In an action wherein the plaintiff is entitled to costs as of course, wherein the complaint sets forth separately two or more causes of action upon which issues of fact are joined, if the plaintiff recovers upon one or more of the issues and the defendant upon the other or others, each party is entitled to costs against the adverse party, unless it is certified that the substantial cause of action was the same upon each issue; in which case, the plaintiff only is entitled to costs.”
Defendant asserts that the substantial cause of action was not the same on each issue and accordingly it is entitled to the benefits provided for under section 1483.
The test in determining whether the substantial cau.se of action is the same is ‘ whether recovery on one cause would bar recovery on the other.” (Kenyon v. Lord & Taylor, 143 N. Y. S. 2d 391, 393 and cases cited therein.)
The damages recoverable under the first cause of action, that is, for breach of warranty “is the loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty.” (Personal Property Law, § 150.) It is not limited to the difference in value of the goods as warranted but may include as special damages the amount of injury sustained to plaintiff’s business reputation and good will. (Swain v. Schieffelin, 134 N. Y. 471; Cramerton Mills v. Nathan & Cohen Co., 231 App. Div. 28.) The damages recoverable in the second cause of action, that is, the negligence action, is a just indemnity for the wrong done to the plaintiff. Just indemnification in that action would be the same as could be recovered in the first cause of action. As the actual loss to the plaintiff is the same in either of the forms of action, the recovery on one cause would bar recovery on the other. Under such circumstances the test is met that the substantial cause of action is the same and thus defendant could not tax costs as provided for in section 1483 of the Civil Practice Act. The motion accordingly is granted.
Settle order on notice.